891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sidney W.L. HAMMONS, Plaintiff-Appellant,
v.
Robert Glen BORG, Warden, Defendant-Appellee.
 No. 89-55372.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1989.*
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hammons, a state prisoner, appeals pro se from the district court's judgment denying his habeas corpus petition. Hammons argues that the California trial court erred by using a new jury in the penalty phase of his capital murder trial after he had been found guilty with special circumstances by the first jury. He also argues that he had ineffective assistance of counsel at both the trial and appellate levels. We disagree and affirm.
 
 
 3
 Hammons has no right to have the same jury in both the guilt and penalty phases of his trial. There is no constitutional right to have any jury at all in the penalty phase. United States v. Brown, 744 F.2d 905, 908-09 (2nd Cir.1984), cert. denied, 469 U.S. 1089 (1984); see also McMillan v. Pennsylvania, 477 U.S. 79 (1985) (approving a scheme in which the court sets the penalty). Moreover, Hammons' counsel himself requested that two separate juries be used in an effort to avoid the death penalty for Hammons. Although Hammons objected to the use of the second jury after the first jury had been dismissed, this does not change the result.
 
 
 4
 Hammons' argument that he was denied effective assistance of counsel at both the trial and appellate levels lacks merit. His argument appears to be that trial counsel should not have asked for two juries and his appellate counsel should have raised this issue on appeal, which he failed to do. In order to prevail Hammons must show "first, ... that counsel's performance was deficient.... Second, ... that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 5
 We need not reach the first prong of the test since Hammons cannot demonstrate prejudice. Since the first jury found Hammons guilty of first-degree murder with special circumstances, the penalty phase was limited to deciding whether to impose the death penalty or life in prison without parole. Cal.Penal Code § 190.2 (Deering 1985). The penalty phase jury sentenced Hammons to life without parole. Thus, Hammons cannot demonstrate prejudice since he received the lower of the two possible sentences.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3